197 So. 42

## BECK v. STATE.

### 4 Div. 509.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied March 12, 1940.

Affirmed on Mandate June 25, 1940.

W. L. Lee and Alto V. Lee, III, both of Dothan, and Borom & Borom, of Ozark, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant and Wiley Beck were jointly indicted; it being alleged that they "unlawfully and with malice aforethought did assault Ralph Daughtry with the intent to murder him."

Upon a severance being granted, appellant was tried separately and convicted of the offense of "assault * * * with intent to murder" (Code 1928, Sec. 3303), and his punishment fixed at imprisonment in the penitentiary for an indeterminate term of from two to two and one-half years.

The testimony was in sharp conflict; that on behalf of the State tending to show that Daughtry went to appellant's place of business to pay an account and objected to some items of the account, whereupon a difficulty ensued in the course of which Wiley Beck, shown to be appellant's son—and who, according to appellant's undisputed testimony, did not have a "real good mind", was "not a normal boy"—shot Daughtry through the shoulder with a pistol; that shortly before the shooting appellant struck Daughtry on the head with a piece of iron, and *told his son to shoot him;* and that Daughtry was doing nothing to appellant (or Wiley Beck) at the time.

On behalf of appellant the testimony tended to show that Daughtry struck appellant with a closed knife before the shooting, and that appellant did not, until after that, strike Daughtry with the iron; also, that appellant did not tell his son to shoot Daughtry—in fact, did not even know his son had the gun at the time.

The case was one peculiarly for the jury's decision on the conflicting testimony.

Obviously, if the State's testimony was believed—and the jury's verdict is proof that it was—appellant was guilty of some offense charged in the indictment.

The State was allowed to adduce testimony, over appellant's timely objection—with due exception reserved—that Daughtry "continuously" had boils around the wound made by the shot from Wiley Beck's pistol. We are unable to see the relevancy of this testimony. And, the State's own testimony being to the effect that the "bullet wound of itself was not serious," it is easy to see how the jury may have been influenced by this irrelevant testimony as to Daughtry's "boils"— a boil being defined by Webster's New International Dictionary to be "a localized inflammatory swelling of the skin, caused

by infection at the root of a hair, tending to undergo suppuration with discharge of pus and a small central mass of dead tissue called the *core*"—to find appellant guilty of a higher degree of crime than they might have, otherwise.

For the admission of the testimony referred to above, the judgment will be reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Beck v. State (Ala.Sup. 4 Div. 143) 197 So. 43.